IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANALEI AIPOALANI, | CIV. NO. 23-00074 JAO-RT |
| Petitioner, | ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS |
| vs. | |
| ESTELA DERR, | |
| Respondent. | |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**

## I.    INTRODUCTION

Pro se Petitioner Hanalei Aipoalani ("Petitioner") submitted a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), which is signed and dated February 4, 2023.  ECF No. 1.  Petitioner is incarcerated at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu"), where he is serving a 46-month sentence for violating federal criminal laws relating to programs embezzlement and bribery.  *See* Judgment in a Criminal Case, *United States v. Aipoalani*, No. 20-cr-00286-RBW-1 (D.D.C. July 7, 2021) (ECF No. 32).  As the sole ground raised in his Petition, Petitioner asserts that Respondent Estela Derr, the Warden at FDC Honolulu, has been misapplying the First Step Act of 2018

("FSA")[1] while carrying out his sentence.  *See* ECF No. 1 at 1, 6.  More specifically, Petitioner asserts that in a recent Federal Bureau of Prisons ("BOP") assessment, Respondent and her staff miscalculated Petitioner's accumulated FSA time credits and misclassified him as being "ineligible" to receive such credits.  *Id.* at 5–6.

In her Response, ECF No. 8, Respondent argues that the Petition should be dismissed because Petitioner did not exhaust his administrative remedies.  *Id.* at 2–4 (emphasizing Petitioner's admission that he failed to exhaust his time-credits challenge, ECF No. 1 at 6).  Sometime before the Response but after the Petition, Petitioner's FSA classification was updated to "eligible."  *See* ECF No. 8-3 at 2. And sometime after the Response but before Petitioner's Reply, ECF No. 9, Petitioner's FSA time credits were updated from a total of 180 days to 255 days, causing Petitioner's home confinement eligibility date to shift from January 1, 2024 to October 18, 2023.  *Compare* ECF No. 8-3 at 2, *with* ECF No. 9-2.

---

[1]  The FSA, Pub. L. No. 115-391, 132 Stat. 5194, seeks to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" by permitting prisoners to earn a designated number of days of "time credits" for every 30 days of successful participation in such programs, which can be applied toward either earlier movement into prerelease custody or earlier transfer to supervised release.  18 U.S.C. § 3632(d)(4); *see also* 28 C.F.R. § 523.40(b) ("[A]n eligible inmate . . . may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g).").

In his Reply, Petitioner maintains that Respondent is still miscalculating his FSA time credits and contends that his credits should have totaled 285 days, not 255 days, as of the date of Respondent's Response. *See* ECF No. 9 at 2. And although Petitioner does not address exhaustion in his Reply, *see id.* at 1–2, he preemptively argued in his Petition that his time-credits challenge is exempt from the exhaustion requirement because undertaking BOP's appeals process would have been a "futile gesture," ECF No. 1 at 6.

Contrary to Petitioner's argument, the Court finds that administrative exhaustion would not have been futile in this case. The Court discusses its reasoning in more detail below, along with its ultimate holding that the Petition is DISMISSED without leave to amend due to Petitioner's failure to exhaust.[2]

## II.    DISCUSSION

Because Petitioner admittedly failed to exhaust his administrative remedies, the dispositive question is whether there are grounds to waive the exhaustion requirement in this case. The Court finds no such grounds.

Ordinarily, a federal prisoner must exhaust his/her administrative remedies before filing a federal habeas petition. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th

---

[2] Pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.

Cir. 1991).  For challenges to BOP's handling of FSA time credits, BOP requires

federal inmates to complete a four-step administrative-remedies process.  *See* U.S.

Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, *First*

*Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C.*

*§ 3632(d)(4)*, at 17 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/

5410_01.pdf (last visited Apr. 11, 2023).  The four-step process consists of

(1) presenting the issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a);

(2) submitting a formal request for administrative remedies to the facility's

warden, *see id.* § 542.14(a); (3) appealing to the appropriate BOP Regional

Director, *see id.* § 542.15(a); and (4) appealing to BOP's General Counsel, *see id.*

*Seina v. Ctr.-Honolulu*, No. CV 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D.

Haw. Nov. 15, 2016).  The first step is carried out according to the procedures

defined by each facility's warden.  *See* 28 C.F.R. § 542.13(a).  At FDC Honolulu,

the first step involves submitting a "BP-8" complaint form to prison staff.  ECF

No. 8-1 at 2, ¶ 5.  The second, third, and fourth steps are consistent across BOP

facilities; those steps correspond to submitting BP-9, BP-10, and BP-11 forms,

respectively.  *See Seina*, 2016 WL 6775633, at *5.

　　There are timing requirements at each step, and inmates generally cannot

proceed to a higher step without first completing the lower step(s).  *See Norton v.*

*Derr*, No. CV 22-00128 JMS-RT, 2022 WL 2658853, at *3 (D. Haw. July 8, 2022)

(explaining why a BP-10 appeal must be predicated on the merits denial of a BP-9).  The warden has twenty days to respond to a BP-9, the Regional Director has thirty days to respond to a BP-10, and the General Counsel has forty days to respond to a BP-11.  *See* 28 C.F.R. § 542.18; *Seina*, 2016 WL 6775633, at *5. Neither the federal statutes nor federal regulations specify a response deadline for informal requests, i.e., BP-8 forms.  *See* 28 C.F.R. § 542.13 (providing that "staff shall attempt to informally resolve the issue before an inmate submits a [BP-9]").

If an inmate does not receive a timely response to his/her BP-9, BP-10, or BP-11, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  Thus, an inmate needs only wait the allotted time before he/she appeals to the next level.  *See Ghost Dancer v. McGrew*, No. CV 15-3164 DSF (GJSx), 2019 WL 8198194, at *3 (C.D. Cal. Aug. 13, 2019) ("The only sensible reading of § 542.18 . . . is that if the inmate does not receive a response . . . [the] inmate may consider the absence of a response to be a denial at that level." (footnote omitted)).

If an inmate fails to complete all four steps of BOP's administrative-remedies process before filing a § 2241 habeas petition, the court should ordinarily dismiss the petition as a prudential matter.  *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  The exhaustion requirement can be waived, and dismissal avoided, if there are sufficient justifications in a particular case, e.g., futility in

pursuing administrative remedies.  *See id.*  The petitioner-inmate bears the burden of proving the futility exception.  *See Dudik v. Woodring*, No. CV 08-2761-GW (SH), 2009 WL 1014555, at *4 (C.D. Cal. Apr. 14, 2009); *see also United Farm Workers of Am., AFL-CIO v. Arizona Agr. Emp. Rels. Bd.*, 669 F.2d 1249, 1254 (9th Cir. 1982) (holding that the plaintiff-entity challenging a state agency's decision failed to exhaust its administrative remedies and, further, that the plaintiff-entity "ha[d] not met its burden of showing that an [administrative] appeal would have been useless").

Here, Petitioner raised his time-credits challenge in a BP-8 form he submitted to FDC Honolulu's staff on February 2, 2023.  ECF No. 9-5.  Petitioner received a rejection of his informal request on March 22, 2023.  *Id.*  That same day, Petitioner seems to have submitted a BP-9 to Respondent, once again challenging the calculation of his FSA time credits.  *See* ECF No. 9-6.  The parties have not updated the Court as to whether Respondent responded to the BP-9 as of the date of this Order.  Regardless, it is evident that Petitioner has not completed BOP's four-step administrative-remedies process.

But that failure to exhaust does not matter, according to Petitioner, because completing BOP's appeals process would have been a futile gesture.  *See* ECF No. 1 at 6.  More specifically, Petitioner contends that exhausting his time-credits challenge would have been futile because the appeals process would have

6

concluded after his requested date of release to home confinement, when accounting for his allegedly missing time credits. *See id.*; *see also* ECF No. 1-16 (Petitioner's email to FDC Honolulu staff) ("Given the error in FSA status and application of FSA time credits to properly project above dates, coupled with the time that it would take to appeal these errors via Administrative Remedies[,] in parallel to submitting my BP-8 packet, I will also submit a 2241 Petition to the Court.").

The Court disagrees with Petitioner—exhaustion would *not* have been futile in this case.  Indeed, based on the facts pled in the Petition and its related attachments, it appears that Petitioner could have completed BOP's appeals process well in advance of any corrected date of release to home confinement. Petitioner submitted his BP-9 on March 22, 2023, guaranteeing Petitioner an effective response by April 11, 2023.  Assuming Petitioner submitted his BP-10 within a week thereafter, Petitioner was guaranteed an effective response to his BP-10 by May 18, 2023.  And, again, assuming Petitioner submitted his BP-11 within a week thereafter, Petitioner was guaranteed an effective response to his BP-11—and thus completion of the administrative-remedies process—by July 4, 2023.  So, even if the latest-possible response to a BP-11 accepted Petitioner's time-credits challenge and shifted his home confinement eligibility date by 30 days to September 18, 2023 (the time-credits modification currently requested by

Petitioner, *see* ECF No. 9 at 2), that updated release date would be more than two months away from July 4, 2023.

The Court's math is generous to Petitioner by assuming the latest possible response dates and one-week turnarounds for Petitioner at each stage. Petitioner could potentially accrue additional time credits between now and July 4, 2023. But those additional credits would still be eaten up by the two-month gap identified above. And Petitioner's presumption that preparing for home confinement requires an additional month of cushion, *see* ECF No. 1 at 6, is simply too speculative to satisfy his burden of proving futility under the facts of this case.

In that regard, the Court's prior decision, *Dejapa v. Derr*, No. CV 23-00090 JAO-KJM, 2023 WL 2758890 (D. Haw. Apr. 3, 2023), is on point. In *Dejapa*, the Court found that the petitioner failed to exhaust her administrative remedies because there was a "possib[ility] [that] the administrative remedies process could have been completed before the date [petitioner] believe[d] she [was] entitled to release." 2023 WL 2758890, at *5. The Court determined:

> At the very least, [petitioner] may have obtained some reasoning and discussion from BOP as to its view of her calculation of FSA Credits even if she was not able to complete the entire process before the date she believes she is entitled to release.
>
> The Court concludes waiving "the exhaustion requirement in this case would only encourage other inmates to ignore the BOP's administrative remedy program." *Cacayorin v. Derr*, No. CV 23-00077 JMS-WRP, 2023 WL 2349596, at *3 (D. Haw. Mar. 3, 2023).

8

*Dejapa*, 2023 WL 2758890, at *5. The judicial policy identified in *Dejapa* applies equally well here. *See also Marler v. Derr*, No. CV 22-00240 JAO-RT, 2023 WL 2563147, at *5 (D. Haw. Mar. 17, 2023) ("[Petitioner] has failed to demonstrate the futility of any diligent efforts on his part [to exhaust his administrative remedies]. . . . Most importantly, . . . he fails to show that the BOP's administrative remedies process could not have culminated prior to [his] calculated custodial release date.").

It is also worth noting that in *Marler*, the Court pointed to *Brown v. Rieger*, 2:22-cv-00259-JAW, 2022 WL 17082097 (D. Me. Nov. 18, 2022), *report and recommendation adopted*, 2022 WL 17184294 (D. Me. Nov. 23, 2022), *appeal filed*, Case No. 22-1945 (1st Cir. Dec. 9, 2022), as an example of a case where exhaustion of remedies really would have been futile. *Marler*, 2023 WL 2563147, at *5–6. In *Brown*, the court waived the exhaustion requirement where there was a tight release timeline *but also where* the warden caused the petitioner confusion regarding the administrative process and BOP gave the petitioner incomplete or mistaken information about how to obtain relief. *See* 2022 WL 17082097, at *6. Those additional facts meaningfully distinguish this case from *Brown*.

In sum, Plaintiff admits that he has not exhausted his administrative remedies, and the Court holds that he has failed to satisfy his burden of proving that exhaustion would have been futile.

9

### III.   CONCLUSION

The Petition is therefore DISMISSED.  Because any amendment would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 11, 2023.



Jill A. Otake
United States District Judge

CIV. NO. 23-00074 JAO-RT, *Aipoalani v. Derr*; Order Dismissing Petition Under 28 U.S.C. § 2241 for a Writ Of Habeas Corpus